UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT ADAME CAVAZOS,<br><br>Petitioner,<br><br>v.<br><br>JOE LIZZARAGA, Warden of Mule Creek State Prison,<br><br>Respondent. | No. 1:16-cv-00454-SKO HC<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**(Doc. 1)** |

Petitioner, Gilbert Adame Cavazos, is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Petitioner presents one ground for habeas relief, ineffective assistance of counsel. Petitioner also requests that the Court dismiss one of his prior strikes. Having reviewed the record and applicable law, the Court will deny the petition.

---

[1] Pursuant to 28 U.S.C. § 636(c)(1), both parties consented, in writing, to the jurisdiction of a United States Magistrate Judge to conduct all further proceedings in this case, including the entry of final judgment.

1

## I. Procedural and Factual Background[2]

On September 11, 2012, Paula Camarena ("Camarena") visited Petitioner's home. Camarena and Petitioner had been friends since childhood.

After talking for 10 minutes, Petitioner excused himself and went into another room. When he returned a few minutes later, he was acting differently. Petitioner seemed confused and did not recognize Camarena. Petitioner asked Camarena who she was and what she was doing in his house. Camarena had never seen Petitioner like this, tried to speak to him, and asked him what he did when he left the room. Camarena described Petitioner as acting "kind of scary," and she became frightened and decided to leave.

As Camarena tried to leave, Petitioner called her name and told her not to leave. Suddenly, Petitioner grabbed her hair, Camarena felt something poke at her, and then felt something tear from her head and back. Camarena felt "gushes and strains" of blood dripping down her face. She pushed Petitioner away and ran out the door.

Camarena ran into the front yard screaming for help and washing off the blood with a hose. Petitioner's neighbor saw her and called 911.

Camarena was taken to the hospital for treatment for multiple slash wounds. She had a five centimeter laceration to her scalp that required six staples; a two centimeter laceration to her forehead that required six stiches; and a 0.5 centimeter laceration to her shoulder, which required two stitches.

When the police arrested Petitioner, he had a blank stare on his face, acted confused, and had blood on his shoulder and shorts. Petitioner's behavior was consistent with being under the influence of PCP, and he later tested positive for the drug. The police found a knife in the kitchen trash can.

---

[2] Factual information is derived from *People v. Cavazos*, (Cal. App. May 18, 2015) (No. F068176), and a review of the record.

2

Petitioner was charged with assault with a deadly weapon, a knife (Cal. Penal Code § 245(a)(1)), with the special allegation that he personally inflicted great bodily injury (Cal. Penal Code § 12022.7(a)), and had one prior strike conviction and one prison term enhancement.

On July 22, 2013, Petitioner rejected the prosecution's offer for a stipulated term of nine years. Instead, he pled no contest to assault with a deadly weapon, and admitted the great bodily injury enhancement and the prior conviction. Petitioner entered into an open plea in the hopes that the court would dismiss his prior strike conviction or imposes a lower term. After pleading no contest, Petitioner acknowledged he faced a maximum term of 11 years. The court granted the prosecution's motion to dismiss the prior prison term enhancement and another unrelated case. Petitioner filed a motion for the court to dismiss his prior strike conviction pursuant to *People v. Superior Court*, 13 Cal 4th 497, 504 (1996) ("*Romero*").[3]

On August 20, 2013, the court denied Petitioner's request to dismiss the prior strike conviction, the *Romero* motion. The court imposed the upper term of four years, doubled to eight years pursuant to California's Three Strikes law, plus a consecutive term of three years for the enhancement, for an aggregate term of 11 years.

On September 27, 2013, Petitioner filed a *pro se* habeas petition in the Fresno County Superior Court ("Superior Court") seeking to reduce his sentence to seven years imprisonment. Petitioner claimed the trial court should have granted his *Romero* motion, and his trial counsel rendered ineffective assistance by erroneously advising him as to the plea agreement. The petition was rejected on October 22, 2013, because the Superior Court found the *Romero* claim was not cognizable due to Petitioner's state appeal, and Petitioner failed to demonstrate any prejudice related to counsel's effectiveness because he did not allege that he would not have entered an open plea if counsel had advised him.

---

[3] In a *Romero* motion, a criminal defendant seeks to have a prior conviction dismissed or stricken so that it cannot be considered for purposes of imposing a sentence under California's Three Strikes law. *Romero*, 13 Cal. 4th at 497.

3

On January 29, 2014, Petitioner filed a motion in the Superior Court to correct the calculation of custody credits in the abstract of judgment. On February 21, 2014, the Superior Court filed an amended and corrected abstract.

On March 5, 2014, Petitioner's appointed appellate counsel filed an opening brief pursuant to *People v. Wende*, 25 Cal. 3d 436 (1979).[4] On May 18, 2015, the California Court of Appeal, Fifth Appellate District ("Court of Appeal"), affirmed the judgment. Petitioner did not file a petition for review with the Supreme Court ("Supreme Court").

On December 10, 2015, Petitioner filed a petition for writ of habeas corpus with the Supreme Court, which was summarily denied on March 9, 2016.

Petitioner filed his petition for writ of habeas corpus with this Court on April 1, 2016, and Respondent filed a response on June 22, 2016. Petitioner did not file a reply.

## II. Standard of Review

A person in custody as a result of the judgment of a state court may secure relief through a petition for habeas corpus if the custody violates the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); *Williams v. Taylor*, 529 U.S. 362, 375 (2000). On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed thereafter. *Lindh v. Murphy*, 521 U.S. 320, 322-23 (1997). Under the statutory terms, the petition in this case is governed by AEDPA's provisions because it was filed after April 24, 1996.

---

[4] Appointed appellate counsel is required to prepare a brief for the appellate court. *People v. Wende*, 25 Cal. 3d 436, 440 (1979) (citing *People v. Feggans*, 67 Cal. 2d 444 (1967)).

> The brief must set forth a statement of the facts . . ., discuss the legal issues . . ., and argue all issues that are arguable. If counsel concludes that there are no arguable issues and the appeal is frivolous, he may limit his brief to a statement of the facts and applicable law.

*Id*. In *Wende*, the Supreme Court held "whenever appointed counsel submits a brief which raises no specific issues," the appellate court must review the entire record.

4

Habeas corpus is neither a substitute for a direct appeal nor a device for federal review of the merits of a guilty verdict rendered in state court. *Jackson v. Virginia*, 443 U.S. 307, 332 n. 5 (1979) (Stevens, J., concurring). Habeas corpus relief is intended to address only "extreme malfunctions" in state criminal justice proceedings. *Id.* Under AEDPA, a petitioner can obtain habeas corpus relief only if he can show that the state court's adjudication of his claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Lockyer v. Andrade*, 538 U.S. 63, 70-71 (2003); *Williams*, 529 U.S. at 413.

"By its terms, § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions set forth in §§ 2254(d)(1) and (d)(2)." *Harrington v. Richter*, 562 U.S. 86, 98 (2011).

As a threshold matter, a federal court must first determine what constitutes "clearly established Federal law, as determined by the Supreme Court of the United States." *Lockyer*, 538 U.S. at 71. In doing so, the Court must look to the holdings, as opposed to the dicta, of the Supreme Court's decisions at the time of the relevant state-court decision. *Id.* The court must then consider whether the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." *Id.* at 72. The state court need not have cited clearly established Supreme Court precedent; it is sufficient that neither the reasoning nor the result of the state court contradicts it. *Early v. Packer*, 537 U.S. 3, 8 (2002). The federal court must apply the presumption that state courts know and follow the law. *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). Petitioner has the burden of establishing that the decision of the state court is contrary to, or involved an unreasonable application of, United States Supreme Court

precedent. *Baylor v. Estelle*, 94 F.3d 1321, 1325 (9th Cir. 1996).

"A federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Lockyer*, 538 U.S. at 75-76. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Thus, the AEDPA standard is difficult to satisfy since even a strong case for relief does not demonstrate that the state court's determination was unreasonable. *Harrington*, 562 U.S. at 102.

### III. The State Court Did Not Err in Denying Petitioner's Ineffective Assistance of Counsel Claims

Petitioner states his "plea to the charges must be 'null-and-void' because it was a [coerced] confession based on being [misled] by [ ] trial counsel." (Doc. 1 at 26.) Petitioner maintains he

> was induced to enter a plea of guilty with the understanding that he would not be (1) sentenced to more than NINE (9) years with half-time; (2) he would not be punished for any prior convictions; and (3) he would not be spending the rest of his life in prison.

*Id*. at 29.

Respondent counters it was not objectively unreasonable for the state court to reject Petitioner's claims because the record does not support his allegations. (Doc. 11 at 13-22.)

#### A. Standard of Review for Ineffective Assistance of Counsel Claims

The purpose of the Sixth Amendment right to counsel is to ensure that the defendant receives a fair trial. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). "[T]he right to counsel is the right to effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970). "The benchmark for judging any claim of ineffectiveness must be whether

6

counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that his trial counsel's performance "fell below an objective standard of reasonableness" at the time of trial and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 694. The *Strickland* test requires Petitioner to establish two elements: (1) his attorney's representation was deficient; and (2) prejudice as a result of such deficient performance. Both elements are mixed questions of law and fact. *Id.* at 698.

These elements need not be considered in order. *Id.* at 697. "The object of an ineffectiveness claim is not to grade counsel's performance." *Id.* If a court can resolve an ineffectiveness claim by finding a lack of prejudice, it need not consider whether counsel's performance was deficient. *Id.*

Establishing a state court's application of *Strickland* was unreasonable under § 2254 is difficult because the standards under *Strickland* and § 2254 are both "highly deferential." *Harrington v. Richter*, 562 U.S. 86, 106 (2011) (quoting *Strickland*, 466 U.S. at 689). "[W]hen the two apply in tandem, review is 'doubly' so." *Id*. (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)). In the habeas context, under § 2254, "the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id*.

### B. Standard of Review for Ineffective Assistance of Counsel Claims During Plea Proceedings

The *Strickland* test applies to challenges of guilty pleas based on a claim for ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). The first prong of the test, deficient representation by counsel, is the same. *Id*. The second prong, the prejudice requirement, "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id*. To satisfy the prejudice prong, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id*. "Deference to the state court's prejudice determination is all the more significant in light of the uncertainty inherent in plea negotiations." *Premo v. Moore*, 562 U.S. 115, 129 (2011).

### C. State Court of Appeal Opinion

Petitioner alleged ineffective assistance of counsel in his petition for writ of habeas corpus before the Superior Court. In the petition, Petitioner alleged, "[m]y attorney [misled] me to plea to an open plea on the grounds that by me signing, I was taking responsibility for my actions, and that by doing [so] I wouldn't receive the maximum sentence of 11 years." (Lodged Doc. 1 at 3.)

In its denial of Petitioner's petition for writ of habeas corpus, the Superior Court found

> Petitioner has failed to present any objective evidence demonstrating that he would not have pled no contest and would have insisted on going to trial if his trial counsel had informed him that there was a chance that he would receive a maximum sentence of 11 years if he agreed to an "open plea." In fact, Petitioner has not even alleged in his petition that he would not have pled no contest and would have gone to trial if his trial attorney had competently advised him about the "open plea." Therefore, Petitioner has failed to establish that his defense suffered any prejudice as a result of his trial counsel's alleged deficient performance.
>
> Consequently, the petition is denied.

(Lodged Doc. 2 at 2-3.)

Petitioner raised the claim again in his second petition for writ of habeas corpus before the Supreme Court, but with more detail than in his petition before the Superior Court. The Supreme Court summarily denied the petition. (Lodged Doc. 5.)

Because Petitioner only raised this claim in detail in his petition before the Supreme Court, which was denied without a written opinion, there is no reasoned state court opinion for the Court to review. Consequently, this Court must "perform an independent review of the record to ascertain whether the state court decision was objectively unreasonable." *Haney v. Adams*, 641 F.3d 1168, 1171 (9th Cir. 2011) (internal citations omitted).

### D. The State Court Did Not Err in Rejecting Petitioner's Ineffective Assistance of Counsel Claim

Petitioner states that his trial counsel coerced him into pleading no contest. (Doc. 1 at 26.) Petitioner maintains his "plea of guilty[5] was not based on reasonably competent advice and is not an intelligent plea[.]" *Id*. at 27. Petitioner contends he weighed his choices and pled "guilty under the threat of [a] 25 or 40 year life sentence under the three strikes law then existing on top of false promises, threats, trick[e]ry, fraud, coercion, deceit, and subterfuge[.]" *Id*.

The morning Petitioner's jury trial was slated to commence, Petitioner's trial counsel informed the court that Petitioner

> doesn't want to go to trial, but he's frustrated, because I have explained to him [ ] he can either plead to a stipulated nine years, which is the D.A.'s offer, or the court does not give an indicated sentence, meaning the court – if he pleads to the charge, along with the enhancement, his exposure is up to 11 years, and that the court will allow me to argue for a lesser term. I can file a motion for striking the strike, but I can't tell him what the court is going to . . .

(4 RT 201-02.)

---

[5] Petitioner pled no contest to the charge. (4 RT 209.)

9

The court informed Petitioner:

| | |
|---|---|
| The Court: | Once the case gets to the trial department, I don't give indicateds. It's either plead to the sheet, which mean[s] you plead to everything on here . . .<br><br>. . .<br><br>Do you want to enter a plea today or do you want to go to trial? |
| Petitioner: | You honor, basically, I was telling my attorney right here, I don't want to go to trial. I'm not here to waste your time. |
| The Court: | That's what I'm here for, sir, so it's not wasting my time.<br><br>. . . |
| Petitioner: | I'm willing to sign and plead out to this. I was hoping to have some type of indication of what I would be receiving, ma'am. |
| The Court: | And [your attorney] can't give you that at this point, sir. So all she can tell you is what your potential exposure is. That's all she can tell you. And what would happen, if you plead today is the case would get sent to Probation, Probation would write a sentencing report and they'd have a recommendation regarding the sentencing. You attorney could ask – in all likelihood, if you plead today, file what's called a Romero motion asking the court to strike the strike. There is no guarantee, though, that the court would do that, so that's basically where you are today, sir.<br><br>. . . |
| The Court: | [D.A.], are the People still offering the stipulate[d] nine if he pleads today, or is that offer off the table? |
| D.A.: | Your honor, I would, however, that does, obviously, include the strike. |
| The Court: | Which would be stipulate to nine and admit the strikes? |
| D.A.: | Correct |
| The Court: | So you, [Petitioner], can accept their offer, which is a nine-year term.<br><br>. . .<br><br>So it's either take their offer of a stipulated nine or don't take it. And what's the maximum, 11? |

| | | |
|---|---|---|
| Defense Attorney: | | Eleven |
| D.A.: | | Yes. |
| The Court: | | If you don't take their stipulated nine you potentially could be facing 11, but I can't give you an indicated of what I would do, sir, so that's where you are. . . . So I'll give you about 10, 15 minutes and then you let me know what you want to do. |

*Id*. at 202-205.

At this point, the Court took a recess. When the parties came back on the record, the following exchange occurred:

| | | |
|---|---|---|
| Defense Attorney: | | Your Honor, I have submitted a change of plea form. [Petitioner] has decided to plead to count 1.[6] This is a straight-up plea. He is admitting the enhancement that's alleged under Penal Code Section 12022.7(a), and the prior strike as alleged. . . . |
| | | . . . |
| The Court: | | And he is rejecting the People's offer of a stipulate nine years, is that correct [ ]? This is an open plea? |
| Defense Attorney: | | Your honor, he understands that he may receive up to 11 years, but by pleading to the sheet, I have explained to him that when you enter a stipulated plea, that you're going to get that nine years, and although he may receive 11 years, I believe I have some mitigating circumstances to share with the court at the time of sentencing, so he is willing to take that. |
| The Court: | | Risk? |
| Defense Attorney: | | Yes. |
| The Court: | | Because, sir, you're not – if you enter this plea today, it's my understanding that you are not accepting the People's offer, which would be a stipulated plea to nine years; is that correct? |
| Petitioner: | | Yes, ma'am. |
| The Court: | | So this would be an open plea and you could receive up to 11 years. Is that what you want to do? |

---
[6] Count 1 charged Petitioner with assault with a deadly weapon (Cal. Penal Code § 245(a)(1)).

11

| | | |
|---|---|---|
| 1 | Petitioner: | Yes, ma'am. |
| 2 | The Court: | And other than what was stated in open court this morning, did anyone promise you anything to get to you enter this plea? |
| 3 | | |
| 4 | Petitioner: | No. |
| 5 | | . . . |
| 6 | The Court: | And did you [have] enough time to talk to your attorney? |
| 7 | Petitioner: | Yes, ma'am. |
| 8 | | |
| 9 | | . . . |
| 10 | The Court: | That with the strike, by admitting the strike, the strike could result in your sentence being twice what it normally would have been if you didn't have the strike. Do you understand? |
| 11 | | |
| 12 | Petitioner: | Yes. |
| 13 | The Court: | And do you understand that by admitting the strike it would limit your time credits? |
| 14 | | |
| 15 | Petitioner: | Yes. |

*Id*. at 205-207, 209.

Petitioner's written plea agreement confirmed that he was pleading no contest to all charges and allegations with a maximum sentence of eleven years imprisonment and limited credits at fifteen percent. (Lodged Doc. 8 at 64-5.) On August 1, 2013, defense counsel filed a *Romero* motion, seeking to dismiss Petitioner's prior strike "in the interests of justice." *Id*. at 71-87. Defense counsel sought "a stayed prison term . . . a long-term residential treatment program," or, in the alternative "the mitigated term with the enhancement for 5 years." *Id*. at 74. The prosecutor opposed the *Romero* motion. *Id*. at 88-115.

The sentencing hearing was held on August 20, 2013, during which the court imposed the maximum term. (4 RT 214, 221-24.) The court imposed the upper term of four years, doubled to eight years for the prior strike conviction, plus three additional years for the great bodily harm injury, for a total of eleven years' imprisonment. (*Id*. at 223-24.)

When Petitioner pled no contest to assault with a deadly weapon, the court advised Petitioner that the maximum punishment that Petitioner would face if he pled guilty was eleven years. The Court also informed Petitioner that, instead, under the terms of the plea agreement, he would receive a nine year sentence. Petitioner stated he understood his options, spoke to his attorney, and did not have any questions.

Statements made by "the defendant, his lawyer, and the prosecutor at [a plea hearing], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

Here, there is nothing in the record to suggest Petitioner did not understand the charges against him or the consequences of pleading no contest. Petitioner stated several times that he understood the charges, the consequences of taking the prosecution's plea deal or pleading no contest. The court also clearly advised Petitioner that if he pled no contest, the court could sentence him up to 11 years, whereas if he took the plea agreement, he would be sentenced to 9 years. Contrary to Petitioner's claim that defense counsel advised him he could receive a sentence of 25 to 40 years, on the record, defense counsel correctly advised Petitioner that his maximum sentence would be 11 years. Based on the foregoing, the Supreme Court's determination that counsel was not ineffective was neither contrary to, nor involved an unreasonable application, of federal law.

Throughout his petition, Petitioner also alleges that he pled no contest because counsel failed to adequately investigate, prepare a defense, or visit him more than two times in prison. (Doc. 1 at 29, 31, 34, 35.) The Ninth Circuit has held that "a lawyer who fails adequately to investigate, and to introduce into evidence, evidence that demonstrates his client's factual innocence, or that raises sufficient doubt as to that question to undermine confidence in the verdict, renders deficient performance." *Avila v. Galaza*, 297 F.3d 911, 919 (9th Cir. 2002) (quoting *Hart v. Gomez*, 174 F.3d 1067, 1070 (9th Cir. 1999) (holding that counsel's failure to review key documents corroborating defense witness's testimony constituted deficient performance) (internal quotation marks omitted)).

Petitioner does not identify what evidence or defense he believes counsel should have pursued. "Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) (citing *Boehme v. Maxwell*, 423 F.2d 1056, 1058 (9th Cir. 1970)). Further, given the substantial evidence against Petitioner, as well as Petitioner's asserted wish to avoid trial, the Court cannot say it was unreasonable for the state court to find Petitioner was not prejudiced by his counsel's actions.

Even assuming counsel provided deficient representation, Petitioner cannot show he suffered any prejudice. At the time Petitioner pled guilty, his attorney advised the court,

> he understands that he may receive up to 11 years, . . . I have explained to him that when you enter a stipulated plea, that you're going to get that nine years, and although he may receive 11 years, I believe I have some mitigating circumstances to share with the court at the time of the sentencing, so he is willing to take that [risk].

(4 RT 206.)

Petitioner knew that by rejecting the plea agreement he could receive up to 11 years. Counsel filed a *Romero* motion seeking a lower sentence, as she stated she would do. Although the court rejected counsel's arguments in the *Romero* motion and sentenced Petitioner to the

14

maximum term, because Petitioner knew he could potentially receive an 11 years sentence, he was not prejudiced by counsel's representation. *See Womack v. Del Papa*, 497 F.3d 998, 1003 (9th Cir. 2007) ("[Petitioner] was not prejudiced by his counsel's prediction because the plea agreement and the state district court's plea canvass alerted [Petitioner] to the potential consequences of his guilty plea.") (citing *Doganiere v. United States*, 914 F.2d 165, 168 (9th Cir. 1990) (holding that the petitioner "suffered no prejudice from his attorney's prediction because, prior to accepting his guilty plea, the court explained that the discretion as to what the sentence would be remained entirely with the court.").

Based on the foregoing, the Court will deny Petitioner's ineffective assistance of counsel claim.

**IV.     Petitioner's Prior Strike Claim Is Not Cognizable on Federal Habeas Review**

Petitioner requests the Court dismiss his prior strike in the "interests of justice," and pursuant to *Romero*[7] and California Penal Code § 1385. [8] (Doc. 1 at 36-37.)

Petitioners seeking federal habeas relief must allege that they are in custody "pursuant to the judgment of a State court . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[F]ederal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (citations omitted). "[E]rrors of state law do not concern us unless they rise to the level of a constitutional violation." *Oxborrow v. Eikenberry*, 877 F.2d 1395, 1400 (9th Cir. 1989).

Here, Petitioner does not allege a violation of his Constitutional rights, but instead, re-argues the *Romero* motion counsel made before the trial court. Petitioner is challenging his state sentence; however, claims alleging a misapplication of state sentencing laws involve questions of

---

[7] In a *Romero* motion, a criminal defendant seeks to have a prior conviction dismissed or stricken so that it cannot be considered for purposes of imposing a sentence under California's Three Strikes law. *Romero*, 13 Cal. 4th at 497.
[8] California Penal Code § 1385(a) provides, "[t]he judge or magistrate may, either of his own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed."

15

state law that are not cognizable on federal habeas review. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). For these reasons, the Court will deny relief on this claim.

## V. Certificate of Appealability

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Accordingly, the Court declines to issue a certificate of appealability.

**VI.    Conclusion**

Based on the foregoing, the Court hereby DENIES with prejudice the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and declines to issue a certificate of appealability. The Clerk of the Court is directed to enter judgment for the Respondent.

IT IS SO ORDERED.

Dated:    **June 14, 2018**                    /s/ *Sheila K. Oberto*
                                            UNITED STATES MAGISTRATE JUDGE